**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHELLE MUELLER,

Plaintiff,

vs.

PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, a Foreign Corporation; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,

Defendants.

Case No.: 2:12-cv-01589-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Dismiss Claims 3-4 of Plaintiff's Complaint (ECF No. 5) filed by Defendant Property and Casualty Insurance Company of Hartford ("Defendant"). Plaintiff Michelle Mueller ("Plaintiff") filed a Response (ECF No. 9) and Defendant filed a Reply (ECF No. 11). Also before the Court is Defendant's Motion to Stay Discovery While Defendant's Motion to Dismiss Claims 3-4 of Plaintiff's Complaint [ECF No. 5] is Pending. (ECF No. 13.)

## I. BACKGROUND

This case arises from Defendant's alleged refusal to pay benefits under an Uninsured Motorist Insurance Policy ("UIM" Policy) held by Plaintiff. Specifically, Plaintiff's Complaint states that Plaintiff suffered extensive injuries as a result of two car accidents, one in 2009 and another in 2010. (Compl. ¶¶ 5-9, 17, ECF No. 1-4.) At some point after these accidents, the insurance carriers for the drivers at fault in the accidents paid the respective insurance policy limits to Plaintiff. (*Id.* ¶¶ 15-16.) Thereafter, Plaintiff submitted a claim with Defendant for payment of her remaining medical expenses related to each of the accidents, up to the policy limit under her UIM Policy. (*Id.* ¶¶ 18-19.) However, Plaintiff alleges that "Defendant refused

to make adequate payment to Plaintiff" with regard to each of the accidents. (*Id.* ¶¶ 20-21.)

In response to Defendant's failure to pay the requested benefits, Plaintiff filed the instant action in Nevada state court on July 31, 2012. (*See* Compl., ECF No. 1-4.) In her Complaint, Plaintiff alleges four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) violations of the Nevada Unfair Claims Practices Act under section 686A.310 of the Nevada Revised Statutes. (*Id.* ¶¶ 32-61.) Subsequently, on September 7, 2012, Defendant removed the action to this Court. (Pet. For Removal, ECF No. 1.) Thereafter, Defendant filed the instant motion requesting that the Court dismiss Plaintiff's third cause of action for unjust enrichment and her fourth cause of action for violations of the Nevada Unfair Claims Practices Act. (ECF No. 5.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

## III. DISCUSSION

In Plaintiff's opposition to Defendant's motion, she expressly stipulates to the dismissal of her third cause of action for unjust enrichment. (ECF No. 9.) Accordingly, in this Order, the Court addresses only Defendant's request that the Court dismiss Plaintiff's fourth cause of action.

### A. Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action

Defendant argues that Plaintiff has failed to provide adequate factual allegations to support her cause of action under the Nevada Unfair Claims Practices Act. The Nevada Unfair Claims Practices Act, section 686A.310 of the Nevada Revises Statute, lists sixteen activities which constitute unfair practice in the insurance context. *See* Nev. Rev. Stat. § 686A.310(1)(a)-(p). Although Plaintiff has stated the specific prohibited activities in which Defendant allegedly engaged, (*see* Compl. ¶¶50-61), Defendant is correct that Plaintiff's Complaint fails to state sufficient facts to demonstrate that this claim is plausible, as required by *Twombly* and *Iqbal*. *See, e.g.*, *GCI Nutrients (USA), Inc. v. Hartford Cas. Ins. Co.*, 2:11-cv-00639-JCM-GWF, 2011 WL 2532401, at *2 (D. Nev. June 24, 2011) (concluding that the complaint survived a motion to dismiss because it provided specific allegations of the plaintiff's interactions with the defendant insurance provider that gave rise to the specific violations of

section 686A.310); *Sandoval v. Hartford Underwriters Ins. Co.*, 2:10-cv-01799-JCM-PAL, at *2, 2011 WL 586414 (D. Nev. Feb. 9, 2011) (same). Accordingly, Plaintiff's bare, formulaic recitations of the various subsections of section 686A.310 fail to persuade the Court that the Complaint states a plausible violation of the Nevada Unfair Claims Practices Act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the Complaint demonstrates only a mere possibility that Defendant violated the Nevada Unfair Claims Practices Act. For these reasons, the Court dismisses Plaintiff's Fourth Cause of Action alleging violations of the Nevada Unfair Claims Practices Act.

**B. Leave to Amend**

Whenever the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Here, the Court finds no evidence of undue delay, bad faith, or dilatory motive by Plaintiff. Furthermore, the additional factual support that Plaintiff provided in her opposition to Defendant's Motion to Dismiss demonstrates that Plaintiff may be able to cure the deficiencies discussed above by amendment.

For these reasons, the Court grants Plaintiff leave to amend her Complaint. Plaintiff shall file the amended complaint **by May 22, 2013**. Failure to file an amended complaint by that date will result in dismissal of Plaintiff's fourth cause of action with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** the Motion to Dismiss (ECF No. 5) filed by Defendant

Property and Casualty Insurance Company of Hartford is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's third cause of action alleging unjust enrichment is **DISMISSED with prejudice** pursuant to the stipulation in Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 9).

**IT IS FURTHER ORDERED** that Plaintiff's fourth cause of action alleging violations of the Nevada Unfair Claims Practices Act is **DISMISSED with leave to amend**. Plaintiff shall file the amended complaint **by May 22, 2013**. Failure to file an amended complaint by that date will result in Plaintiff's fourth cause of action being **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Stay (ECF No. 13) filed by Defendant Property and Casualty Insurance Company of Hartford in **DENIED as MOOT**.

**DATED** this 7th day of May, 2013.

________________________________
Gloria M. Navarro
United States District Judge