DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
darren.brenner@akerman.com
KIMBERLEY HYSON, ESQ.
Nevada Bar No. 11611
kimberley.hyson@akerman.com
AKERMAN SENTERFITT LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
*Attorneys for Defendant Property and Casualty Insurance Company of Hartford*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE MUELLER,<br><br>            Plaintiff,<br><br>vs.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, a Foreign Corporation; DOES 1 through 10; ROE ENTITIES 11 through 20 inclusive jointly severally,<br><br>            Defendants. | Case No.:      2:12-cv-01589-GMN-VCF<br><br>**DEFENDANT'S *PARTIAL* MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [ECF No. 17]**<br><br>**AND ORDER** |

Defendant Property and Casualty Insurance Company of Hartford ("Hartford") moves to dismiss Plaintiff's claim for violations of the Unfair Claims Practices Act (count three).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION.**

This lawsuit arises out of a personal automobile insurance policy. Plaintiff Michelle Mueller alleges that she was insured by Hartford when she was injured in two separate automobile accidents, the first occurring on October 31, 2009 when Plaintiff was the passenger in a 2009 Toyota Camry

{26454308;1}

and the second accident occurring on August 17, 2010, when Plaintiff was the driver of the same vehicle.

When a disagreement arose over Plaintiff's entitlement to policy benefits, Plaintiff filed suit in state court, claiming that Hartford breached the insurance policy, breached the covenant of good faith and fair dealing, was unjustly enriched and violated various sections of the Unfair Claims Practices Act. Following a motion to dismiss, the Court dismissed Plaintiff's claim for unjust enrichment and granted Plaintiff leave to amend her claim under the Unfair Claims Practices Act. Plaintiff, however, again fails to plead sufficient facts to support her claim for violations of the Unfair Claims Practices Act, specifically NRS 686A.301(1)(f) and (1)(g).

## II.   STATEMENT OF FACTS.

Accepting Plaintiff's allegations as true,[1] Plaintiff was injured in a motor vehicle accident on October 31, 2009, when another driver hit her vehicle while Plaintiff was a passenger in the vehicle. Am. Compl., ECF No. 17, at ¶¶ 5-6, 9. Plaintiff was injured in a second accident on August 17, 2010, when a third party hit her vehicle while Plaintiff was the driver. *Id.* at ¶¶ 7-8, 10. At the time of both accidents, Plaintiff was insured under an insurance policy issued by Hartford that provided $250,000.00 of UIM coverage, with additional umbrella coverage of $1,000,000.00. *Id.* at ¶ 17. After Plaintiff received the policy limits from the third-party drivers in the 2009 and 2010 accidents, she demanded policy limits payments from Hartford. *Id.* at ¶¶ 15-16, 18-19. In the Complaint, Plaintiff claimed that she was damaged as a result of Hartford's failure to abide by the insurance policy and pay the limits of the policy with regard to the 2009 and 2010 accidents, and alleged breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment

---

[1] Hartford does not actually concede any fact, but accepts the Plaintiff's factual allegations as true for purposes of this motion only. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (accepting allegations in the complaint as true to decide a motion to dismiss). Plaintiff's legal conclusions, however, are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

{26454308;1}2

AKERMAN SENTERFITT LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

claims. *See generally* ECF. No. 1-4, at ¶¶ 20-29. She also asserted that Hartford is liable for violations of the Unfair Claims Practices Act.

On September 13, 2012, Hartford filed a motion to dismiss Plaintiff's claims for unjust enrichment because there was a written contract governing the parties' dispute. ECF No. 5. Hartford also moved to dismiss Plaintiff's claim for violations of the Unfair Claims Practices Act due to the generic recitations of various subsections of NRS 686A.310 and lack of factual support. On May 7, 2013, the Court dismissed Plaintiff's claim for unjust enrichment and granted Plaintiff leave to amend her claim for violations of the Unfair Claims Practices Act to plead her claim with more specificity. ECF No. 15.

On May 22, 2013, Plaintiff filed an amended complaint, wherein she alleges the following violations of the Unfair Claims Practices Act with regard to the 2009 and 2010 accidents:

- that Hartford "failed to effectuate a prompt, fair and equitable settlement of claims in which liability had become reasonable clear, as prohibited by NRS § 686A.310(1)(e);"
- that Hartford "compelled Plaintiff to institute litigation to recover amounts due under the Policy, as prohibited by NRS § 686A.310(f) [sic];" and
- that Hartford's actions "constituted an attempt to settle the claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application, in violation of NRS § 686A.310(1)(g)."

Am. Compl., ECF No. 17, at ¶¶ 56-61. Plaintiff's allegations as to NRS 686A.310(1)(f) and (1)(g) again lack factual support and therefore should be dismissed.

### III.  STANDARD OF REVIEW.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "a short and plain

{26454308;1}3

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach courts are to apply when considering motions to dismiss. First, a court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, a court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not shown — that the pleader is entitled to relief." *Id*. (internal quotation marks and alterations omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Here, Plaintiff fails to plead sufficient factual allegations to state a plausible claim for relief for violations of NRS 686A.310(1)(f) and (1)(g). Thus, these claims should be dismissed.

. . .

. . .

. . .

. . .

{26454308;1}4

### IV. PLAINTIFF'S CLAIMS FOR VIOLATIONS OF NRS 686A.310(1)(f) AND (1)(G) ARE LEGALLY INSUFFICIENT AND MUST BE DISMISSED.

#### A. Plaintiff Does Not State A Claim For NRS 686A.310(1)(f).

Plaintiff alleges Hartford violated NRS 686A.310(1)(f) with regard to the 2009 and 2010 accidents by "compell[ing] Plaintiff to institute litigation to recover amounts due under the Policy." Plaintiff does not correctly cite the statutory requirements for a violation under NRS 686A.310(1)(f). Under NRS 686A.310(1)(f), it is not an unfair practice to compel Plaintiff to institute litigation to recover amounts due under the policy, unless Hartford offers "***substantially less than the amounts ultimately recovered*** in actions brought by such insureds, ***when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.***" NRS 686A.310(1)(f)(2012)(emphasis added). Plaintiff omits the most pertinent part of the statute, which requires that Plaintiff ***ultimately recover*** an amount ***reasonably similar*** to the amount they claim is due under their policy.

The statute is itself "confusing" and vague, as the statute seems to contemplate multiple insureds *who have already recovered in a lawsuit*. *See, e.g., Engel v. Hartford Ins. Co. of the Midwest*, 2:11–cv–01103–RCJ–PAL, 2011 WL 6131566, at *3 (D. Nev. 2011)(noting that provision is "confusing" and other provisions of act provide sufficient relief for the alleged failure to pay benefits due). Regardless, *Iqbal* requires more than a "formulaic recitation of the elements of a cause of action" and certainly requires more than incomplete and incorrect recitation of the pertinent statute.

Plaintiff has not plead sufficient facts to establish a claim for a violation of NRS 686A.310(1)(f) on the face of the amended complaint. Although Plaintiff alleges that she made policy limits demands to Hartford for the 2009 and 2010 accidents which were rejected, Plaintiff has not pled any facts showing that Hartford "compell[ed] [Plaintiff] to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amount ultimately recovered . . ." This matter is still in litigation and there has been no ultimate recovery by Plaintiff. Plaintiff has not—and cannot—plead any facts showing that Hartford offered her substantially less

{26454308;1}5

than she *ultimately recovered*, or that she ultimately recovered an amount reasonably similar to her claim. Thus, Plaintiff's allegations that Hartford violated NRS 686A.310(1)(f) are merely speculative and must be dismissed under *Iqbal* and *Twombly*.

### B. Plaintiff Does Not State A Claim For NRS 686A.310(1)(g).

Plaintiff's claim that Hartford violated section (1)(g) of Nevada's Unfair Claims Practices Act should also be dismissed under *Iqbal* and *Twombly* because the claim is insufficient on its face.

Plaintiff was granted leave to amend in order to plead additional facts to support her claim that Hartford "attempted to settle the claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of the application." NRS 686A.310(1)(g). Yet, Plaintiff again only cites to the statutory language of NRS 686A.310 and has not plead a single fact in support of her claim.

Specifically, Plaintiff has not pled any facts to show that Hartford "attempted to settle the [2009 or 2010] claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of the application." "Advertising material" is not even referenced in the amended complaint beyond the boilerplate allegation that the statute was violated. Plaintiff's mere formulaic recitations of the statute are insufficient to create a plausible claim on its face and, thus, Plaintiff's claim under the Unfair Claim Practice's Act must be dismissed. *Iqbal*, 556 U.S. at 678; *see also Sandoval v. Hartford Underwriters Ins. Co.*, Case No. 2:10-cv-01798-KJD-RJJ, 2011 U.S. Dist. LEXIS 77273, *5 (D. Nev. July 14, 2011) (dismissing claim that defendant violated the Unfair Claims Practices Act because plaintiff "offer[ed] no facts alleging how Defendant violated [N.R.S.] 686A.310(1).").

### V. PLAINTIFF'S CLAIMS FOR VIOLATIONS OF NRS 686A.310(1)(F)-(G) SHOULD BE DISMISSED, WITH PREJUDICE.

Dismissal should be with prejudice. Barring an ultimate recovery in this matter, there are no additional facts which could make Plaintiff's claim for NRS 686A.310(1)(f) plausible on its face.

Additionally, Plaintiff has not shown any attempt to amend the complaint to plead facts establishing her claims for violations of NRS 686A.310(1)(g). Additional time to amend these claims is not warranted and would cause undue delay, prejudice to Hartford and a waste of judicial resources. Thus, Plaintiff's claims for violations of the Unfair Claims Practices Act should be dismissed, with prejudice.

## VI. CONCLUSION.

Plaintiff cannot, as a matter of law, state a claim against Hartford for violations of NRS 686A.310(1)(f)-(g). Accordingly, these claims should be dismissed, with prejudice.

DATED this 6th day of June, 2013.

AKERMAN SENTERFITT LLP

/s/ Darren T. Brenner
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
KIMBERLEY HYSON, ESQ.
Nevada Bar No. 11611
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Phone: (702) 634-5000
Fax: (702) 380-8572
*Attorneys for Defendant Property and Casualty Insurance Company of Hartford*

## ORDER

**HAVING READ** the Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 17, 19), and Plaintiff's Non-Opposition to Defendant's Partial Motion to Dismiss, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the claims against Hartford for violations of NRS 686A.310(1)(f)-(g) are hereby **DISMISSED with prejudice**.

**DATED** this 3rd day of July, 2013.

Gloria M. Navarro
United States District Judge

{26454308;1} 7